FILED
MAILROOM
Page 2

FEB 2 4 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court EASTERN | District OF VIRGINIA |
|---|---|
| Name (under which you were convicted): LESTER KEITH GUNTER | Docket or Case No.: 2:13-cr-00176-AWA |
| Place of Confinement: FCC-Yazoo City 'low' P.O.Box 5000,Yazoo City,MS.39194 | Prisoner No.: 29255-058 |
| UNITED STATES OF AMERICA Respondent, v. | Movant (include name under which convicted) LESTER KEITH GUNTER |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   United States District Court Eastern District Virginia Norfolk Division

   (b) Criminal docket or case number (if you know): 2:13-cr-00176-AWA-DEM-3

2. (a) Date of the judgment of conviction (if you know): October 24,2014

   (b) Date of sentencing: October 24,2014

3. Length of sentence: 262 months

4. Nature of crime (all counts): 21 USC : 846 Conspiracy to Distribute and Possess with intent to distribute Methhamphetamines.

   Count: One

   _____

   _____

   _____

   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? ____ N/A

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☒     No ☒

8. Did you appeal from the judgment of conviction?                    Yes ☒        No ☐

9. If you did appeal, answer the following:

(a) Name of court: __Fourth Circuit Court of Appeals__

(b) Docket or case number (if you know): __14-4851__

(c) Result: __Affirmed__

(d) Date of result (if you know): __September 9, 2015__

(e) Citation to the case (if you know): __N/A__

(f) Grounds raised: __Did the Court err by refusing a defense request to instruct jury that a mere relationship between buyer and seller does not amount to conspiracy? Did Prosecution improperly instruct jury? Did Court violate Fifth Amendment of defendant? Did the Court err in finding by a preponderance of the evidence that defendant possessed a firearm during his offense? Was the sent unreasonable?__

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): __15-7335__

(2) Result: __Denied__

(3) Date of result (if you know): __January 19, 2016__

(4) Citation to the case (if you know): __N/A__

(5) Grounds raised: __Same Issues Raised On Direct__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____ N/A _____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ❏ No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____
_____ N/A _____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ❏ No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:      Yes ❏ No ❏

    (2)  Second petition:    Yes ❏ No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____
_____ N/A _____
_____

Page 5

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Court Erred In Finding that Defendant Possessed a firearm during commission of his offense?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Court relied upon "UNCORROBORATED" hearsay evidence to find that defendant possessed a firearm during commission of the offense which Defense Counsel did not rebut or object to at sentencing which caused INEFFECTIVE ASSISTANCE OF HIS COUNSEL DURING SENTENCING.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** The Sentence imposed by the District Court is Substantively Unreasonable

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Judge imposed a sentence of 262 months imprisonment on the defendant which was/is which is an additional 15 years beyond that of his Co-defendants and all of there prior criminal History Scores are closely resembled. Why the extra years in prison.

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

_____

GROUND THREE: _____ **N/A** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

Page 8

_____

_____

_____ **N/A** _____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____ **N/A** _____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____ **N/A** _____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____ **N/A** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

　　　Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

　　　Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　　Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __NO_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Unknown _____

(b) At arraignment and plea: _____ Unknown _____

(c) At trial: ___ James J. Duane _____
_____ RH 353,1000 Regent University Drive, Vir Bch,VA. ___

(d) At sentencing: Same as above _____

(e) On appeal: _____ Same as above _____

(f) In any post-conviction proceeding: _____ N/A _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ❏ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?            Yes ❏ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❏ No ❏

Page 12

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

I was sentenced on October 24,2014, I filed a direct Appeal which was denied on September 9,2015, and I filed a Certiorari in the U.S.Supreme Court which was denied on January 19,2016. I had 90 days from the date of the Supreme Court denial before my one year started to run for my 2255, that makes the filing deadline on April 19,2017. This Motion is timely.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __Vacate sentence and__ __Re-Sentence Defendant without the Gun Enhancement points__ __and provide a 2-level reduction pursuant to 3E1.1.__

or any other relief to which movant may be entitled.

Respectfully Submitted,

Signature of Attorney (If any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

__2-13-2017__ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____ N/A _____

* * * * *

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LESTER KEITH GUNTER,

               Petitioner,      Case No:2:13-cr-00176-AWA-DEM-3

Vs.

UNITED STATES OF AMERICA,

               Respondent.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO VACATE,SET ASIDE OR CORRECT SENTENCE
## PURSUANT TO 28 U.S.C.§2255

COMES NOW,the Petitioner Lester Keith Gunter,Pro se herein and hereby respectfully moves this Honorable Court Pursuant to 28 U.S.C.§2255 to Vacate,Set Aside or Correct his Sentence imposed herein and in Support thereof Submits the Following:

### STATEMENT OF THE CASE

Lester Keith Gunter was charged with a single count of conspiring to distribute and possess with intent to distribute at least 50 grams of a mixture containing a detectable amount of methamphetamine,in violation of 21 U.S.C.§§846 and 841(a)(1) and (b)(1)(B).

Following a jury trial,he was convicted and sentenced to a term of 262 months in prison.

At sentencing,over an objection by Petitioner,the Trial Court adopted a finding in the PSI that the Petitioner possessed a firearm during his commission of the offense,this finding was

-1-

based largely on the hearsay statement by one of his <u>Cooperating</u> Co-Conspirators that stated "Gunter" showed him a .25 handgun.

The Sentencing Court concluded that Petitioner's total offense level was <u>34</u> and his Criminal History was Category <u>VI</u>,which placed his recommended sentence under the United States Sentencing Guidelines in the range of [262-327] months imprisonment. The Judge imposed a sentence at the lowest end of that range,and sentenced "Gunter" to [262] months imprisonment.

Petitioner is currently serving his prison sentence at FCC-Yazoo City 'Low',P.O.Box 5000,Yazoo City,Ms.39194.

## ISSUE ONE (1)

### THE DISTRICT COURT ERRED IN FINDING THAT DEFENDANT POSSESSED A FIREARM DURING HIS OFFENSE.

Petitioner submits that this Court abused its discretion when it found that Defendant possessed a firearm during the commission of his offense and this find was/is clearly erroneous and <u>must</u> be vacated.

Petitioner submits that pursuant to the United States Sentencing Guidelines,a defendant's offense level is increased by two levels "If a dangerous weapon (including a firearm) was possessed during the commission of the offense." U.S.S.G.§2D1.1(b)(1). At sentencing over the objection of defendant,the Court adopted a finding in the PSI that defendant possessed a firearm during his commission of the offense. This finding was based upon the hearsay statement of one of his Co-

-2-

conspirator's stated that "Gunter" showed him a .25 handgun. This finding was/is error for several different reasons, any one of which would justify reversal.

**FIRST**: Other then this Hearsay statement no evidence exists to confirm that "Gunter" possessed a firearm during his commission of the offense, there is no other Conspirator providing any statement that "Gunter" ever showed or Possessed a firearm during any of the alleged drug transactions. Furthermore, the showing of a firearm (If it truly Occurred) to a Co-Conspirator does not in and of it self show proof that "Gunter" possessed a firearm during any of the alleged Drug transactions, which is required for the two-level increase pursuant to U.S.S.G.§ 2D1.1(b)(1).

**SECOND**: Petitioner submits that this finding which the Court accepted violates the Defendant's Fifth Amendment Rights, the Sentencing Court has mistakenly believed that is was authorized to accept this Hearsay evidence in contained in the PSI without the Government making or showing of any affirmative evidentiary showing. This Honorable Court based its decision on the fact that the Defendant did not rebut or provide any evidence to the fact.

Petitioner submits that the failure of his Attorney rebut or show proof that he did not possess a firearm during the commission of the offense falls upon his INEFFECTIVE ASSISTANCE during the sentencing phase of his prosecution, furthermore, it is the defendants Constitutional right to remain silent if he so chooses and to suggest otherwise violates his Fifth Amendment Due Process Rights. Defendant states that this Honorable Court can not use his silences as a determining factor in deciding to accept the Hearsay which was presented in the PSI as proof that

-3-

ne possessed a firearm during the commission of his offense. This finding is without evidence and this two-level enhancement must be be vacated.

Petitioner submits that the District Court erred in accepting the hearsay statement found in the PSI and applying the sentencing enhancement pursuant to U.S.S.G.§2D1.1(b)(1). Specifically, petitioner avers that he received INEFFECTIVE ASSISTANCE OF COUNSEL due to counsels failure to challenge the enhancement for the firearm. In a line of cases decided before the decision in Mitchell, the Fourth Circuit had repeatedly declared that a defendant seeking to challenge a sentencing factor "enhancement" proven by the Government,or found by the PSI,must do more than raise "a mere objection," and "has an affirmative duty" to make "an affirmative showing" that the information in the PSI is unreliable. UNITED STATES V. LOVE,134 F.ed.595 (4th.Cir.1998) also see; UNITED STATES V. RANDALL,171 F.3d.195 (4th.Cir.1999); UNITED STATES V. TERRY,916 F.2d.157 (4th.Cir.1990). This burden includes an affirmative objection to present EVIDENCE contradicting the proposed findings in the PSI. Counsel did not make this affirmative obligation or present any evidence which would have contradicted the proposed finding thereby providing Defendant with INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE SENTENCING PHASE OF HIS PROSECUTION.

Petitioner submits that the fact that he was unaware that he had to present evidence to contradict the PSI's conclusions,and the fact that he failed to ledge an objection compounds the Ineffective Assistance Of Counsel claim. Defense counsel must

-4-

have known that Unless the defendant satisfies this affirmative duty, the sentencing court would be free to adopt the findings in the PSI without more specific inquiry or explanation.

Petitioner submits that due to the fact that Counsel failed to file an affirmative Objection or provide any contradicting evidence as to the unreliability of the facts concerning the Hearsay Statement concerning the Firearm the Defendant can not be held responsible for not lodging an objection or providing evidence to refute the hearsay statement and this Issue must be remanded to allow the Petitioner the opportunity to submit evidence to the contrary of the facts that the Sentencing Court found reliable concerning the Hearsay statement by the Codefendant and the honorable Court must Re-sentence the Petitioner without the two-level enhancement for the firearm.

## ISSUE TWO

### THE SENTENCE IMPOSED BY THE SENTENCING COURT IS SUBSTANTIVELY UNREASONABLE AND MUST BE REDUCED TO ASSURE SIMILARITY

Petitioner submits that the Sentencing Court abused its discretion when it took into account information which was unrelevent in the calculation of his sentence which makes his sentence substantively unreasonable. This Court when considering the reasonableness of a sentence and the abuse of discretion which takes into account the totality of the circumstances must be consistent with our holding in "UNITED STATES V. HOWARD, 773 F.3d.519 (4th.Cir.2014)."

Petitioner avers that the District Court concluded that

-5-

Petitioner's total offense level was <u>34</u> and his criminal history was Category <u>VI</u>,which placed his recommended sentence under the Guidelines in the range of [ 262 - 327 ] months imprisonment. However,this determination was mistakenly made due to the fact that the Court applied the firearm enhancement under U.S.S.G.§2D1.1(b)(1) (two-level's) to this calculation,and failed to reduce the calculation by two (2) more level's pursuant to U.S.S.G.§3E1.1 "Acceptance of Responsibility".

The Court imposed a sentence at the lowest end of that range,and sentenced Petitioner to [ 262 ] months imprisonment, or more than 21 years.

Petitioner submits that this term of imprisonment [262] months is <u>UNREASONABLE</u> when measured against the 18 U.S.C.§3553(a) factors. UNITED STATES V. LOUTHIAN,756 F.3d.295(4th.Cir.2014).

Petitioner avers that in assessing the reasonableness of a sentence imposed in this case,the most significant variable is "the need to avoid <u>UNWARRANTED</u> sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6),which this Court has held "one of the principal goals" of federal sentencing law. HOWARD,773 F.3d.at 535. Petitioner admits that he was named as one of the <u>FOUR</u> defendants in the original indictment. The other <u>THREE</u> defendants pled guilty,and waived their rights to trial, and to COOPERATE with the Government and supply false testimony against Petitioner,the only alleged conspirator who went to trial. Of the other THREE members,the two whose criminal history most closely

-6-

resembled the Petitioner's received prison sentences that were vastly below the sentence imposed upon him. Rhonda Raxter and Jerimy Dennis had criminal history categories of V and VI, respectively, yet they received prison sentences of only 60 months and 75 months. But to the extent that Petitioner is much more deserving of a severe sentence solely by virtue of his INSISTENCE on going to trial, it defies reason and common sense to suggest that Petitioner is deserving of a sentence of 262 months for one reason alone. It cannot be the case that a man who chooses to exercise his Constitutional Right to a trial by jury should, for that reason alone, receive more than fifteen additional years in prison in addition to the sentences given to his conspirators, or receive a sentence that is more that three times the length of the sentences received by the codefendants who were also convicted of the same crime based on their involvement in the same conspiracy.

Petitioner submits that his Criminal History is extensive, however none of the convictions are for "CRIMES OF VIOLENCE" most of the convictions are mere traffic offenses and 6 of his 15 points are for driving with a revoked license. Petitioner submits that his Criminal History was over represented the seriousness of his actual criminal record and this Honorable Court should have taken this information into account when it was determining the appropriate sentence to impose.

Petitioner submits that without four of his traffic convictions for driving with a revoked license, he would have been in a whole

-7-

nother Criminal History Category altogether. Howard,773 F.3d at 531 ( three convictions that Howard received as an adult are related to driving without a license or driving while his license was revoked).

Petitioner submits that based upon all these considerations,he is entitled to the relief sought herein and respectfully prays that this Honorable Court will vacate his current term of imprisonment [ 262 ] months and remove the two-levels pursuant to §2D1.1(b)(1)(Firearm Enhancement) and grant petitioner the Two-level reduction pursuant to §3E1.1 for (Acceptance of Responsibility) which he is authorized to receive even though he proceeded to trial, this in turn will reduce his Base Offense level to 30, and with a criminal history category of VI, will into produce and sentencing guidelines range of [168] to [210] months imprisonment and the Honorable Court may impose the lowest end of that Guidelines Range and will eliminate the Substantively Unreasonableness and Enforce the Courts desire to avoid unwarranted disparities among defendants with similar records charged within the same indictment.

WHEREFORE,the Petitioner respectfully prays that this Honorable Court will grant the relief requested herein and vacate his current term of [262] months imprisonment and Re-sentence him pursuant to the above calculated sentencing guideline range of [168]-[210] and provide any other relief that the Court deems just and proper in the instant matter.

Respectfully        Submitted,

-8-

Lester Keith Gunter
Reg#:29255-058 B-1
FCC-Yazoo City 'low'
P.O.Box 5000
Yazoo City,Ms. 39194

## CERTIFICATE OF SERVICE

I Lester Keith Gunter, HEREBY CERTIFY that a true,correct and complete copy of the foregoing Motion to Vacate,Set Aside or Correct Sentence Pursuant to 28 U.S.C.§2255 and accompanying Memorandum Of Law has been sent to the Office of the United States Attorney at: 101 West Main Street,Suite # 8000,Norfolk,VA.2251. On this 13 day of February 2017. Properly Addressed as indicated above. Postage Prepaid.

Lester Keith Gunter

-9-



29255-058

Lester Gunter
29255-058
Federal Correctional Comp
PO Box 5000
Yazoo CITY, MS 39194
United States